CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1871.

## W. A. HOLBROOK et al. v. W. W. PAGE et al.

PLEADING.—Averments in the answer not presenting issuable facts will be struck out on motion.

REDUNDANCY.—Express admissions of facts alleged in the complaint are unnecessary, and may be struck from the answer as redundant.

MOTION TO STRIKE OUT.—Where a part of that to which a specific objection is pointed is properly pleaded, the objection will not be sustained.

THE plaintiffs are owners of lot 2, and the defendants are owners of lot 1, in block 182 in the city of Portland, and the controversy relates to the locality of the line between those lots. It presents the question whether that line is fifty feet, or whether it is fifty-seven feet, south of the south line of Salmon street, as that street is now used and occupied. A motion is made to strike out parts of the answer.

The complaint states that the plaintiffs are owners in fee simple, and have a right to the possession of lot 2, in block 182; states that the block is two hundred feet square, and bounded on the north by Salmon street. "That said lot No. 2 is the south half of the northeast one quarter of said block, fronting fifty feet on Sixth street, and running back one hundred feet in depth, its northern boundary line being parallel with and fifty feet distant from the south line of Salmon street, as the same is now used and occupied." That the defendants are in possession of and wrongfully withhold from the said plaintiffs a strip of land ten feet in width off from the northerly side of said lot No. 2, running back one hundred feet, the depth of the lot. The plaintiffs claim the land and $200 damages.

The answer contains a denial that the defendant has been in possession or has detained any part of lot 2 in said block; and avers that the north boundary line of said lot No. 2 is fifty-seven feet distant from the south line of Salmon street, as the same is now used and occupied. That the defendants are owners in fee simple of lot 1 in said block, and that the south boundary line of said lot 1 is fifty-seven feet distant

from the south line of Salmon street, as said street is now used and occupied.

In addition to the foregoing, and to some other denials, the answer contains the following statements, each of which the plaintiffs move to strike out as sham, frivolous and ir-relevant:

1st. The defendants " aver that the plaintiffs now are, and for a long time past have been in possession of lot No. 2, in block No. 182, in said city, as the same was originally laid out, platted and sold by the patentees from the governmen of the United States, and as the same was conveyed to and purchased by their ancestor and his grantors under whom the plaintiffs derive title."

2d. Defendants admit that the said block No. 182 is a parcel of land two hundred feet square, bounded on the north by Salmon street, east by Sixth street, south by Main street, and on the west by Seventh street, but not as such streets are now used and occupied.

3d. The defendants aver that such south boundary line of lot No. 1, and division line between said lots 1 and 2, in block 182, was established long since, by mutual consent and agreement between these defendants and the then owners of lot No. 2 in said block; and that fences were built at the time of said agreement, concerning said boundary and di-vision, at the common expense and cost of these defendants and the owners of said lot No. 2, in accordance with and on the said southern boundary line of lot No. 1 and division line of lots No. 1 and No. 2. That said fence now stands, and makes the division line between said lots. That since said agreement these defendants have made valuable and permanent improvements on said land adjacent and abut-ting said boundary line and fence, viz: buildings of the value of $5,000. That said buildings and improvements were made upon said lot No. 1 by the defendants upon the faith of the location of said boundary line established and agreed upon as aforesaid, all of which these plaintiffs and their ancestors well knew.

*Wm. Strong,* for the plaintiffs.

*Page & Bingham,* for the defendants.

BY THE COURT.    The first branch of this motion should be granted.    The matter pleaded is vague and indefinite. It assumes that there has been some original laying out, platting and selling which is material, and it states a conclusion based upon that assumption; but it is indefinite and states nothing that is material as to the time of the plaintiff's possession.    It presents a conclusion, and not a issuable fact.

The second matter alluded to is wholly redundant.    It is not necessary in an answer to expressly admit any part of the complaint.    If this were a direct admission it would be surplusage, but it neither admits or denies directly any material allegation nor presents anything upon which an issue can be formed.

As to the defense last specified in the motion,. the only part upon which I think there can be any question is that which sets up a mutual agreement settling the boundary. A contract of that kind, duly made, would be a good defense, and might well be set up by answer, unless the setting it up specifically is unnecessary, on the ground that the defendant could give it in evidence under the allegation that he is owner in fee.

If there is any doubt upon the question whether such an agreement adjusting a controverted boundary, ought to be specially plead, the doubt is a sufficient reason for refusing to strike out.    If a part of that which is included in this branch of the motion ought to be retained, the whole that is included in this part of the motion must also be retained.

The first and second propositions. of the motion will be granted, and the third branch overruled.